IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julie O.,[1]<br><br>                    Plaintiff,<br><br>v.<br><br>Frank Bisignano, Commissioner of Social Security Administration,[2]<br><br>                    Defendant. | C/A No. 6:24-cv-1717-SAL<br><br>**OPINION AND ORDER** |

This matter is before the court for review of the January 16, 2025 Report and Recommendation of United States Magistrate Judge Kevin McDonald (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 20]. In the Report, the magistrate judge recommends this court affirm the Commissioner's final decision partially denying Plaintiff's claims for Disability Insurance Benefits and Supplemental Security Income. *Id.* Plaintiff timely objected. [ECF No. 21.] For the reasons below, the court adopts the Report and affirms the Commissioner's final decision.

**STANDARD OF REVIEW**

The scope of federal court review under 42 U.S.C. § 405(g) is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "Under the

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Frank Bisignano was sworn in as the Social Security Commissioner on May 7, 2025. Pursuant

substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence" is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison*, 305 U.S. at 229).

The court's function is not to "try these cases de novo or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to the court. The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). Without specific objections to portions of the Report, this court is not required to explain its reasons for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). It must "only satisfy itself that there is no clear error on the face of the record in

---

to Fed. R. Civ. P. 25(d), he is substituted as a party to this action.

order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Report sets forth the administrative proceedings and applicable law, which the court incorporates without a full recitation. [ECF No. 20.] Briefly, following a hearing, the administrative law judge ("ALJ") found Plaintiff had severe impairments of ulcerative colitis, rheumatoid arthritis, depressive disorder, and adjustment disorder. *See id.* at 3. The ALJ concluded the claimant has the following residual functional capacity ("RFC"):

> [L]ight work as defined in 20 CFR 404.1567(b) and 416.967(b) in that the claimant can lift/carry 20 pounds occasionally and 10 pounds frequently with standing and walking for six hours of an eight-hour work day and sitting for six hours of an eight-hour work day[]; the claimant can tolerate frequent but not constant handling and fingering; the claimant can never climb a ladder/rope/scaffold; the claimant can tolerate occasional stooping, kneeling, crouching, crawling, and climbing ramps or stairs; the claimant must avoid concentrated exposure to workplace hazards such as unprotected heights and moving machinery; the claimant can understand, remember, and carry out simple instructions; the claimant needs bathroom breaks, three times per day, each lasting 10–15 minutes.

*Id.* The ALJ found transferability of job skills from Plaintiff's past relevant work was not material to the determination of disability, as the evidence showed she could perform other jobs available in significant numbers in the national economy prior to April 12, 2023. *Id.* at 4. The ALJ concluded Plaintiff had not been under a disability prior to April 12, 2023, but became disabled on that date based on a change in her age category to "advanced age." *Id.*

The Report recommends affirming the ALJ's decision. Plaintiff objects. [ECF No. 21.] Specifically, she challenges the ALJ's RFC assessment and the magistrate judge's conclusion that the ALJ's determination was supported by substantial evidence.[3] *Id.* Plaintiff disputes the

---

[3] While Plaintiff challenged both the ALJ's RFC assessment and his evaluation of the medical opinion evidence in her opening brief, ECF Nos. 15, 18, she only challenges the RFC assessment in her objections. Without any objections to the magistrate judge's medical opinion analysis, the

3

magistrate judge's finding that she had waived any challenge to the ALJ's evaluation of her subjective complaints, arguing her subjective complaints and the RFC assessment were intertwined. *Id.* at 2. She contends the records cited by the ALJ show the need for continued treatment for ulcerative colitis, including infusions, and the ALJ erred in relying on her reports in treatment notes for unrelated complaints. *Id.* at 3. She asserts the ALJ's rationale does not align with the RFC assessment, which included a provision for additional breaks lasting 10 to 15 minutes each, despite his indication in the summary that her ulcerative colitis imposed no limitations. *Id.* Finally, she submits the ALJ failed to explain why he included the provision for 10- to 15-minute breaks instead of accepting her testimony that she required breaks lasting 20 minutes. *Id.* at 3–5.

*Residual Functional Capacity*

A claimant's RFC "is an administrative assessment of the extent to which [her] medically determinable impairment(s), including any related symptoms . . . may cause physical or mental limitations or restrictions that may affect [her] . . . capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184, at *2 (1996). It represents the most the claimant can still do despite her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ must provide a narrative discussion, citing non-medical evidence and "specific medical facts (*e.g.*, laboratory findings)," and explaining how all the relevant evidence in the case record supports the RFC assessment. *Id.* at *7.

"The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot be accepted as consistent with the medical and other evidence." SSR 96-8p, 1996 WL 374184, at *7. "[A]n ALJ follows a two-step analysis when considering a claimant's subjective statements about impairments and symptoms." *Lewis v.*

---

court need not conduct a de novo review of that portion of the Report. It suffices to review that

*Berryhill*, 858 F.3d 858, 865–66 (4th Cir. 2017) (citing 20 C.F.R. § 404.1529(b), (c)). "First, the ALJ looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms." *Id.* at 866 (citing 20 C.F.R. § 404.1529(b)). If the ALJ concludes the claimant's impairments could reasonably produce the symptoms she alleges, he continues to the second step in which he must "evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities." *Id.* (citing 20 C.F.R. § 404.1529(c)).

"At [the second] step, objective evidence is *not* required to find the claimant disabled." *Arakas v. Commissioner, Social Security Administration*, 983 F.3d 83, 95 (4th Cir. 2020) (citing SSR 16-3p, 2016 WL 1119029, at *4–5) (emphasis in original). "SSR 16-3p recognizes that '[s]ymptoms cannot always be measured objectively through clinical or laboratory diagnostic techniques.'" *Id.* (quoting SSR 16-3p, 2016 WL 1119029, at *4). "Thus, the ALJ must consider the entire case record and may 'not disturb an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate' them." *Id.* (quoting SSR 16-3p, 2016 WL 1119029, at *5).

Although a claimant is "entitled to rely exclusively on subjective evidence to prove the second part of the test," *Hines v. Barnhart*, 453 F.3d 559, 563–65 (4th Cir. 2006), an ALJ is not required to accept a claimant's subjective complaints that are inconsistent with the other evidence of record. The regulations specify:

> We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled. We will consider whether there are any inconsistencies in the evidence and the extent to which there are conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your medical sources or other persons about how your symptoms affect you.

portion of the Report for clear error.

20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4).

The ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 2017 WL 5180304, at *10. The ALJ must "build an accurate and logical bridge from the evidence to his conclusion" rejecting the claimant's subjective allegations. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

*Analysis*

Pertinent to Plaintiff's argument, she testified at the third hearing that she "probably" would have to go to the bathroom three times during an eight-hour period and would be in the bathroom for "[p]robably like 20 minutes." Tr. at 978, 979. She indicated her ulcerative colitis had been "better" and "worse" over time. Tr. at 980.

In the report, the magistrate judge wrote: "First, the plaintiff in this case cannot exclusively rely on her hearing testimony because the ALJ found that the plaintiff's subjective complaints were not consistent with the record evidence (Tr. 908) and the plaintiff has waived any error with respect to the ALJ's consideration of the plaintiff's subjective complaints because it was not raised in her initial brief." [ECF No. 20 at 8 (citing *Shinaberry v. Saul*, 952 F.3d 113, 124 n.5 (4th Cir. 2020).] The court agrees with Plaintiff's argument that she did not waive the allegation of error with respect to the ALJ's consideration of her subjective allegations because evaluation of a claimant's subjective complaints is integral to assessment of her RFC. *See* SSR 96-8p, 1996 WL 374184, at *7. However, the magistrate judge's statement was harmless because, despite this language, he proceeded to consider the ALJ's evaluation of Plaintiff's subjective allegations in the context of the entire record.

The magistrate judge found the ALJ had discussed Plaintiff's "treatment records and other subjective reports" and explained they "were not consistent with [her] testimony [regarding a need to use the bathroom three times in an eight-hour workday for twenty minutes each time]." [ECF No. 20 at 8–9.] He indicated that, despite having found Plaintiff's testimony inconsistent with her prior statements and the medical evidence, her prior statements and the medical evidence regarding her ulcerative colitis supported provisions in the RFC assessment for bathroom access and three bathroom breaks per day lasting 10 to 15 minutes each time. *Id.* at 9–10. The magistrate judge further noted Plaintiff had referenced only her hearing testimony to support the alleged need for three bathroom breaks per day lasting 20 minutes and had not cited any other treatment records the ALJ ignored in assessing her RFC. *Id.* at 10. He concluded "the ALJ's RFC assessment is supported by substantial evidence, free of legal error, and should be affirmed." *Id.*

Having reviewed the ALJ's decision, this court agrees the ALJ appropriately considered Plaintiff's testimony that "during an 8-hour work day, she would need to use the bathroom 3 times per day for 20 minutes at a time." Tr. at 908. Despite having acknowledged Plaintiff's testimony, the ALJ found it was inconsistent with "references" to the condition "being well controlled on medications without complications." *Id.* He specifically rejected Plaintiff's testimony based on evidence of "stability in her . . . ulcerative colitis." *Id.* He discussed specific medical records, findings, and Plaintiff's denial of symptoms in support of his impression of stability. Tr. at 908–09. He pointed out that during a treatment visit in March 2022, Plaintiff stated she had experienced no flare-ups over the prior two-year period. Tr. at 909. He stated that "for her colitis," he had "included bathroom breaks three times per day lasting 10–15 minutes each," as "[g]reater bathroom breaks are not warranted by this record." Tr. at 910.

Contrary to Plaintiff's allegation, the ALJ did not find her ulcerative colitis imposed no limitations. Instead, he found that it did not impose the limitations she suggested in her testimony. Thus, the ALJ recognized that the evidence showed Plaintiff's ulcerative colitis would reasonably require three bathroom breaks per day, each lasting 10–15 minutes, but did not support her testimony of requiring three bathroom breaks per day, each lasting 20 minutes.

Relying on several district court cases from the Fourth Circuit that have found ALJs erred in failing to explain how they reached conclusions as to the percentage of time that claimants would be "off task," Plaintiff argues the ALJ erred in failing to fully explain why he reached the conclusion that bathroom breaks lasting 10–15 minutes would accommodate Plaintiff's ulcerative colitis. The Fourth Circuit has imposed no such requirement in evaluating cases involving needs for bathroom breaks. In a recent unpublished decision, the court explained:

> In *Dowling* [*v. Comm'r of Soc. Sec. Admin.*], 986 F.3d [377,] 389 [(4th Cir. 2021)], we found that the ALJ erred in failing to analyze whether Dowling's "RFC was impacted by her need to work near a restroom and take frequent bathroom breaks" . . . . We directed the ALJ on remand to "evaluate the frequency at which [Dowling] needed to use the bathroom and analyze how that restriction impacted her ability to work."
>
> Initially, we noted that the *Dowling* Court did not rule that an ALJ must make findings regarding frequency and duration of bathroom visits whenever there is a severe impairment impacting bathroom use. Instead, we ruled that the ALJ erred by not making such findings despite "considerable evidence" demonstrating frequent and lengthy restroom needs. *Id.* Such evidence is missing here.
>
> Notably, Owens does not cite to any evidence supporting a finding that he suffered from fecal or urinary incontinence. He also does not assert that his bathroom visits were of substantial duration beyond normal work breaks. Instead, Owens' complaints and testimony alleged, at most, frequency and urgency. The ALJ considered and rejected claims of urgency, a finding that was based on substantial evidence as discussed above . . . . Thus, the ALJ's determination that "ready access to the bathroom" was sufficient to address Owens' bathroom needs was supported by substantial evidence. Given the ALJ's explicit findings that normal work breaks were sufficient to deal with the frequency and duration of Owens' bathroom breaks, no further analysis was required.

*Owens v. Commissioner, Social Security Administration*, No. 23-1954, 2024 WL 5166612, at *3 (4th Cir. Dec. 19, 2024).

Here, despite his well-reasoned explanation for finding the record did not include "considerable evidence" demonstrating frequent and lengthy bathroom requirements, the ALJ still evaluated the frequency at which Plaintiff would reasonably need to use the bathroom and incorporated a provision for three bathroom breaks per day, lasting 10–15 minutes each in the RFC assessment. Therefore, his RFC assessment was consistent with the Fourth Circuit's holding in *Dowling*.

Although, as an unpublished opinion, *Owens* does not establish binding precedent, the court considers it persuasive in concluding the provision the ALJ included for bathroom breaks was sufficient to satisfy the applicable rules and regulations. The Fourth Circuit did not suggest in *Dowling* or *Owens* that an ALJ needs to do more than "evaluate the frequency at which [the claimant] need[s] to use the bathroom and analyze how that restriction impact[s] her ability to work." In other words, the Fourth Circuit has not required an ALJ explain in meticulous detail how he arrives at the number and frequency of bathroom breaks he includes in the RFC assessment.

In addition, the court notes that, here, the ALJ's inclusion of three bathroom breaks lasting 10–15 minutes each was entirely reasonable given the uncertainty of Plaintiff's testimony. When asked how long she was in the bathroom during a typical break, Plaintiff responded: "Probably like 20 minutes, I'll say." Tr. at 979. This choice of words suggests Plaintiff was providing more of a guess, as opposed to an accurate description, as to the length of time she required during bathroom breaks. Given the uncertainty of Plaintiff's responses, the court can find no error in the ALJ's failure to include a provision for 20-minute, as opposed to 10- to 15-minute bathroom breaks.

The magistrate judge provided a well-reasoned explanation supporting his conclusion that substantial evidence supported the ALJ's evaluation of Plaintiff's RFC. The court's review of the entire report for clear error reveals none. Therefore, the court overrules Plaintiff's objections.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record in this case, the court adopts the Report, ECF No. 20, and affirms the Commissioner's decision.

IT IS SO ORDERED.

July 21, 2025　　　　　　　　　　　　　　　　Sherri A. Lydon
Columbia, South Carolina　　　　　　　　　　United States District Judge